IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30742
Summary Calendar
_____


JULES DABON,

                                        Plaintiff-Appellant,

versus

AETNA LIFE INSURANCE COMPANY,

                                        Defendant-Appellee.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 01-CV-1930-C )
_____
January 29, 2003


Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:*

      Jules Dabon sued Aetna Life Insurance Co. under the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking

_____

      *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

review of Aetna's decision to terminate Dabon's long-term disability ("LTD")

benefits under its policy with Dabon's former employer, Goodyear Tire & Rubber

Company. The district court found that Aetna did not abuse its discretion by

discontinuing Dabon's LTD benefits. We affirm for the following reasons:

1.      If a plan gives the administrator discretionary authority to determine eligibility

        or to construe the terms of the plan, her decisions are reviewed for abuse of

        discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

        The parties agree that Aetna had such discretionary authority, thus we review

        its decision for abuse of discretion. We may only reverse the district court's

        judgment if the record does not adequately support Aetna's decision to

        discontinue benefits; that is, if the decision to discontinue benefits was

        arbitrary or capricious.

2.      Under the Aetna plan, the claimant must be totally disabled to recover

        benefits:

                You are deemed to be totally disabled . . . if you are not able,

                solely because of injury or disease, to work at any reasonable

                occupation. (This is any gainful activity for which you are, or

                may reasonably become, fitted by education, training or

                experience, and in which other people of similar background are

2

actually employed as their principal means of support.)

The record supports the conclusion that Dabon was capable of light duty or sedentary work. Although during his administrative appeal Dabon offered the opinions of two doctors who stated he was totally disabled due to the secondary effects of pain, these opinions were entirely unsupported by objective medical evidence. Aetna did not abuse its discretion by placing more weight on the objective medical evidence contained in the administrative record.

3.  Dabon suggests that Aetna abused its discretion by discussing the need for vocational evidence and then failing to obtain it. First, the record indicates that Aetna employees discussed the need for a comprehensive Labor Market Survey; it does not indicate that they concluded it was necessary. Second, Aetna had a rehabilitation consultant review the file and conduct a brief internet job search. Third, even if they had stated a more comprehensive Labor Markey Survey was needed, an administrator has no obligation to reasonably investigate a claim. Vega v. Nat'l Life Ins. Servs. Inc., 188 F.3d 287, 298 (5th Cir. 1999). In Vega, the Fifth Circuit rejected a rule that would place a duty of reasonable investigation on an administrator. Instead, the court chose to "focus on whether the record adequately supports the

3

administrator's decision." Id. Thus, if the record adequately supports Aetna's decision, we must conclude that it did not abuse its discretion.

4. The facts of this case are not distinguishable from Duhon v. Texaco, 15 F.3d 1302 (5th Cir. 1994). In Duhon, this Court held that a plan administrator did not abuse its discretion by determining that a high-school educated man with moderate restrictions on his physical activity could perform "any job for which he is, or may become, qualified by education, training, or experience" without vocational rehabilitation evidence. Id. at 1309. Dabon is a high-school educated man who is, according to three physicians, capable of performing light capacity to sedentary work.The plan only requires he be able to perform "any gainful occupation" for which he is, or may reasonably become, qualified. "Given this undemanding language and the medical evidence in this case, the plan administrator could competently determine disability without vocational testimony." Id. Additionally, Aetna conducted a search for jobs for which Dabon is qualified, and concluded at least three occupations existed. In light of Duhon and the administrative record, we cannot say it was unreasonable for the plan administrator to find that Dabon could perform a gainful activity.

4

Aetna's decision to terminate Dabon's benefits is fully supported by the administrative record. Considering this Court's holding in <u>Duhon</u>, the facts of this case do not compel us to conclude that vocational evidence was necessary before Aetna could reasonably decide to terminate Dabon's benefits. Accordingly, the judgment of the district court is AFFIRMED.